## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LSI DESIGN AND INTEGRATION CORP., Individually and On Behalf of All Others Similarly Situated, | **Case No. 18-12352** |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| v. | **JURY TRIAL DEMANDED** |
| TESARO, INC. LEON O. MOULDER, JR., and TIMOTHY R. PEARSON, | |
| Defendants. | |

## CLASS ACTION COMPLAINT

Plaintiff LSI Design and Integration Corp. ("Plaintiff"), individually and on behalf of all other persons similarly situated, by Plaintiff's undersigned attorneys, for Plaintiff's complaint against Defendants, alleges the following based upon personal knowledge as to Plaintiff and Plaintiff's own acts, and information and belief as to all other matters, based upon, *inter alia*, the investigation conducted by and through Plaintiff's attorneys, which included, among other things, a review of the Defendants' public documents, conference calls and announcements made by Defendants, United States Securities and Exchange Commission ("SEC") filings, wire and press releases published by and regarding Tesaro, Inc. ("Tesaro" or the "Company"), analysts' reports and advisories about the Company, and information readily obtainable on the Internet. Plaintiff believes that substantial evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

### NATURE OF THE ACTION

1.      This is a federal securities class action on behalf of a class consisting of all persons other than Defendants who purchased or otherwise acquired Tesaro securities between

November 4, 2016 through November 14, 2016, both dates inclusive (the "Class Period"), seeking to recover damages caused by Defendants' violations of the federal securities laws and to pursue remedies under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder, against the Company and certain of its top officials.

2.      Tesaro is an oncology-focused biopharmaceutical company that identifies, acquires, develops, and commercializes cancer therapeutics and oncology supportive care products in the United States.  The Company describes its focus as "responsibly develop[ing] and commercializ[ing] innovative treatments where others may not."

3.      Founded in 2010, Tesaro is headquartered in Waltham, Massachusetts, and its securities trade on the NASDAQ Global Select Market ("NASDAQ") under the ticker symbol "TSRO".

4.      On July 7, 2016, Tesaro announced the closing of a previously announced underwritten public offering of common stock, pursuant to which the Company sold 5,347,500 share at an offering price to the public of $81.00 per share (the "July Offering").  In a press release, Tesaro advised investors that the net proceeds from the July Offering would be approximately $409 million.

5.      On November 4, 2016, Tesaro filed a quarterly report on Form 10-Q with the SEC, reporting the Company's financial and operating results for the quarter ended September 30, 2016 (the "Q3 2016 10-Q").  The Q3 2016 10-Q stated, *inter alia*, that "[o]ur balance of cash and cash equivalents as of September 30, 2016 and the cash we expect to generate from sales of VARUBI, are expected to be sufficient to meet our existing cash flow requirements and fund our

existing operations at their currently planned levels *through at least the twelve months.*" (Emphasis added.)

6.     Throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operational and compliance policies. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) notwithstanding the completion of the July Offering, Tesaro's liquidity position was insufficient to meet its cash flow requirements and fund its existing operations; (ii) accordingly, unbeknownst to investors, an additional public offering of Tesaro common stock was imminent; and (iii) as a result, Tesaro's public statements were materially false and misleading at all relevant times.

7.     After market close on November 14, 2016—less than four months after the July Offering, and just ten days after assuring investors that VARUBI sales would be sufficient to fund the Company's cash flow requirements and necessary operational funding for the next 12 months—Tesaro abruptly announced another proposed public offering (the "November Offering").  In a press release, Tesaro stated that the Company had "commenced an underwritten public offering of 1,750,000 shares of its common stock", "pursuant to its automatic shelf registration statement on Form S-3 filed with the [SEC] on June 30, 2016."  That same day, Tesaro filed a preliminary prospectus supplement and related prospectus for the November Offering with the SEC.

8.     Then, on November 15, 2016, Tesaro issued a second press release, announcing that the offering price for the November Offering would be $135.00 per share—roughly *9%, lower* than the price of Tesaro stock at market close on November 14, 2016 ($148.50), the last trading session prior to the announcement of the November Offering.

9.     Following these announcements, Tesaro's share price plunged $17.46 per share, or roughly 11.76%, to close at $131.04 on November 15, 2016, wiping out approximately $607 million in shareholder value.

10.     As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

## JURISDICTION AND VENUE

11.     The claims asserted herein arise under and pursuant to §§10(b) and 20(a) of the Exchange Act (15 U.S.C. §§78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. §240.10b-5).

12.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and Section 27 of the Exchange Act.

13.     Venue is proper in this Judicial District pursuant to §27 of the Exchange Act (15 U.S.C. §78aa) and 28 U.S.C. §1391(b) as Tesaro's principal executive offices are located within this Judicial District.

14.     In connection with the acts, conduct and other wrongs alleged in this Complaint, Defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including but not limited to, the United States mail, interstate telephone communications and the facilities of the national securities exchange.

## PARTIES

15.     Plaintiff, as set forth in the attached Certification, acquired Tesaro's securities at artificially inflated prices during the Class Period and was damaged upon the revelation of the alleged corrective disclosures.

16.     Defendant Tesaro is incorporated in Delaware, with principal executive offices located at 1000 Winter Street, Waltham, Massachusetts.   Tesaro's securities trade on the NASDAQ under the ticker symbol "TSRO".

17.     Defendant Leon O. Moulder has served at all relevant times as the Company's Chief Executive Officer ("CEO") and Director.

18.     Defendant Timothy R. Pearson ("Pearson") has served at all relevant times as the Company's Chief Financial Officer ("CFO") and Executive Vice President.

19.     The Defendants referenced above in ¶¶ 17-18 are sometimes referred to herein collectively as the "Individual Defendants."

20.     The Individual Defendants possessed the power and authority to control the contents of Tesaro's SEC filings, press releases, and other market communications. The Individual Defendants were provided with copies of the Company's SEC filings and press releases alleged herein to be misleading prior to or shortly after their issuance and had the ability and opportunity to prevent their issuance or to cause them to be corrected. Because of their positions with the Company, and their access to material information available to them but not to the public, the Individual Defendants knew that the adverse facts specified herein had not been disclosed to and were being concealed from the public, and that the positive representations being made were then materially false and misleading. The Individual Defendants are liable for the false statements and omissions pleaded herein.

## SUBSTANTIVE ALLEGATIONS

### Background

21.     Tesaro is an oncology-focused biopharmaceutical company that identifies, acquires, develops, and commercializes cancer therapeutics and oncology supportive care

products in the United States.  The Company describes its focus as "responsibly develop[ing] and commercializ[ing] innovative treatments where others may not."

22.    On July 7, 2016, Tesaro announced the closing of a previously announced underwritten public offering of common stock, pursuant to which the Company sold 5,347,500 share at an offering price to the public of $81.00 per share.  In a press release, Tesaro stated, in relevant part:

> WALTHAM, Mass., July 07, 2016 (GLOBE NEWSWIRE) -- TESARO, Inc. (Nasdaq:TSRO) today announced the closing of its previously announced underwritten public offering of common stock.  TESARO sold 5,347,500 shares of its common stock at an offering price to the public of $81.00 per share, which included 697,500 shares of common stock sold pursuant to the full exercise of the underwriters' option.  TESARO estimates that the net proceeds from the offering will be approximately $409.0 million, after deducting the underwriting discount and other offering expenses payable by TESARO.  Citigroup, Leerink Partners, Credit Suisse and Wells Fargo Securities acted as bookrunners, and Guggenheim Securities, Mizuho Securities, Raymond James, SunTrust Robinson Humphrey and Wedbush PacGrow acted as co-managers for the offering.

> The shares described above were issued by TESARO pursuant to its automatic shelf registration statement on Form S-3 filed with the Securities and Exchange Commission ("SEC") on June 30, 2016.

**Materially False and Misleading Statements Issued During the Class Period**

23.    The Class Period begins on November 4, 2016, the day after Tesaro issued a press release entitled "TESARO Announced Third-Quarter 2016 Operating Results", concurrently filed with the SEC as Exhibit 99.1 to a Current Report on Form 8-K.  With respect to Tesaro's liquidity position, the press release merely stated, in relevant part:

> As of September 30, 2016, TESARO had approximately $647 million in cash and cash equivalents, which includes the $409 million in net proceeds from a follow-on offering of 5.3 million shares of common stock that was completed in July 2016. For the quarter ended September 30, 2016, TESARO had approximately 51.2 million shares outstanding on a weighted average basis.

The press release made no statements to the effect that an additional public offering of Tesaro stock was imminent.

24.     On November 4, 2016, Tesaro filed a quarterly report for the quarter ended September 30, 2016, reiterating the information previously announced and reporting in full the Company's financial and operating results for the quarter.  In the Q3 2016 10-Q, with respect to its liquidity position, Tesaro stated, in relevant part:

> *Operating Capital Requirements*
>
> ***
>
> Our balance of cash and cash equivalents as of September 30, 2016, and the cash we expect to generate from sales of VARUBI, are expected to be ***sufficient to meet our existing cash flow requirements and fund our existing operations at their currently planned levels through at least the twelve months*** following the filing of this Quarterly Report on Form 10-Q.

25.     The Q3 2016 10-Q did not disclose that a public offering of Tesaro stock was imminent, but merely made non-specific, boilerplate representations to the effect that "until we can generate a sufficient amount of revenue from our products, if ever, we expect to finance our operations in part through additional public or private equity or debt offerings, and we may seek additional capital through arrangements with strategic partners or from other sources."

26.     The Q3 2016 10-Q was signed by the Individual Defendants, in their respective capacities as (i) CEO and (ii) Executive Vice President and Chief Financial Officer, "pursuant to the requirements of Section 13 or 15(d) of the" Exchange Act.

27.     In addition, the Q3 2016 10-Q appended certifications by the Individual Defendants, pursuant to the Sarbanes-Oxley Act of 2002, stating that [t]he information contained in the [Q3 2016 10-Q] fairly presents, in all material respects, the financial condition and results of the operations of the Company."

28.     The statements referenced in ¶¶ 23-27 were materially false and misleading because Defendants made false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operational and compliance policies. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) notwithstanding the completion of the July Offering, Tesaro's liquidity position was insufficient to meet its cash flow requirements and fund its existing operations; (ii) accordingly, unbeknownst to investors, an additional public offering of Tesaro common stock was imminent; and (iii) as a result, Tesaro's public statements were materially false and misleading at all relevant times.

### The Truth Begins to Emerge

29.     After market close on November 14, 2016—just ten days after the filing of the Q3 2016 10-Q—Tesaro issued a press release entitled "TESARO Announces Proposed Public Offering of Common Stock".  The press release states, in relevant part:

> WALTHAM, Mass., Nov. 14, 2016 (GLOBE NEWSWIRE) -- TESARO, Inc. (NASDAQ:TSRO) announced today that it has commenced an underwritten public offering of 1,750,000 shares of its common stock. In connection with this offering, TESARO plans to grant the underwriters an option to purchase up to an additional 262,000 shares of its common stock. Citigroup, Leerink Partners, Credit Suisse and Wells Fargo Securities are acting as bookrunners for the offering. The offering is subject to market conditions, and there can be no assurance as to whether or when the offering may be completed, or as to the actual size or terms of the offering.
>
> The offering will be made by TESARO pursuant to its automatic shelf registration statement on Form S-3 filed with the Securities and Exchange Commission (SEC) on June 30, 2016.

30.     That same day, Tesaro filed a Prospectus for the November Offering on Form 424B5 with the SEC.

31.     Then, on November 15, 2016, Tesaro issued a second press release, entitled "TESARO Announces Pricing of Public Offering of Common Stock".

> WALTHAM, Mass., Nov. 15, 2016 (GLOBE NEWSWIRE) -- TESARO, Inc. (Nasdaq:TSRO) announced today that it has priced an underwritten public offering of an aggregate of 1,750,000 shares of its common stock at an offering price to the public of $135.00 per share. The gross proceeds from the offering will be approximately $236.3 million. In addition, TESARO has granted the underwriters an option to purchase up to an additional 262,500 shares of its common stock. TESARO estimates that the net proceeds from the offering will be approximately $224.1 million after deducting the underwriting discount and other offering expenses payable by TESARO, but excluding any exercise of the underwriters' option.

The offering price of $135.00 per share was roughly 9% lower than the price of Tesaro stock at market close on November 14, 2016 ($148.50), the last trading session before the announcement of the November Offering.

32.     Following these announcements, Tesaro's share price plunged $17.46 per share, or roughly 11.76%, to close at $131.04 on November 15, 2016, wiping out approximately $607 million in shareholder value.

33.     On November 18, 2016, Tesaro announced the closing of the November Offering.

34.     As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

## PLAINTIFF'S CLASS ACTION ALLEGATIONS

35.     Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of a Class, consisting of all those who purchased or otherwise acquired Tesaro securities during the Class Period (the "Class"); and were damaged upon the revelation of the alleged corrective disclosures. Excluded from the Class are Defendants herein, the officers and directors of the Company, at all relevant times, members of their

immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.

36.     The members of the Class are so numerous that joinder of all members is impracticable.  Throughout the Class Period, Tesaro securities were actively traded on the NASDAQ.  While the exact number of Class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery, Plaintiff believes that there are hundreds or thousands of members in the proposed Class.  Record owners and other members of the Class may be identified from records maintained by Tesaro or its transfer agent and may be notified of the pendency of this action by mail, using the form of notice similar to that customarily used in securities class actions.

37.     Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by Defendants' wrongful conduct in violation of federal law that is complained of herein.

38.     Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation.  Plaintiff has no interests antagonistic to or in conflict with those of the Class.

39.     Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class.  Among the questions of law and fact common to the Class are:

- whether the federal securities laws were violated by Defendants' acts as alleged herein;

- whether statements made by Defendants to the investing public during the Class Period misrepresented material facts about the business, operations and management of Tesaro;

- whether the Individual Defendants caused Tesaro to issue false and misleading financial statements during the Class Period;

- whether Defendants acted knowingly or recklessly in issuing false and misleading financial statements;

- whether the prices of Tesaro securities during the Class Period were artificially inflated because of the Defendants' conduct complained of herein; and

- whether the members of the Class have sustained damages and, if so, what is the proper measure of damages.

40.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.  Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them.  There will be no difficulty in the management of this action as a class action.

41.     Plaintiff will rely, in part, upon the presumption of reliance established by the fraud-on-the-market doctrine in that:

- Defendants made public misrepresentations or failed to disclose material facts during the Class Period;

- the omissions and misrepresentations were material;

- Tesaro  securities are traded in an efficient market;

- the Company's shares were liquid and traded with moderate to heavy volume during the Class Period;

- the Company traded on the NASDAQ and was covered by multiple analysts;

- the misrepresentations and omissions alleged would tend to induce a reasonable investor to misjudge the value of the Company's securities; and

- Plaintiff and members of the Class purchased, acquired and/or sold Tesaro securities between the time the Defendants failed to disclose or misrepresented material facts and the time the true facts were disclosed, without knowledge of the omitted or misrepresented facts.

42.     Based upon the foregoing, Plaintiff and the members of the Class are entitled to a presumption of reliance upon the integrity of the market.

43.     Alternatively, Plaintiff and the members of the Class are entitled to the presumption of reliance established by the Supreme Court in *Affiliated Ute Citizens of the State of Utah v. United States*, 406 U.S. 128, 92 S. Ct. 2430 (1972), as Defendants omitted material information in their Class Period statements in violation of a duty to disclose such information, as detailed above.

## COUNT I

### (Violations of Section 10(b) of the Exchange Act and Rule 10b-5 Promulgated Thereunder Against All Defendants)

44.     Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

45.     This Count is asserted against Defendants and is based upon Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder by the SEC.

46.     During the Class Period, Defendants engaged in a plan, scheme, conspiracy and course of conduct, pursuant to which they knowingly or recklessly engaged in acts, transactions, practices and courses of business which operated as a fraud and deceit upon Plaintiff and the other members of the Class; made various untrue statements of material facts and omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and employed devices, schemes and artifices to defraud in connection with the purchase and sale of securities.  Such scheme was intended to, and, throughout the Class Period, did:  (i) deceive the investing public, including Plaintiff and other Class members, as alleged herein; (ii) artificially inflate and maintain the market price of Tesaro securities; and (iii) cause Plaintiff and other members of the Class to purchase or

otherwise acquire Tesaro securities and options at artificially inflated prices.  In furtherance of this unlawful scheme, plan and course of conduct, Defendants, and each of them, took the actions set forth herein.

47.     Pursuant to the above plan, scheme, conspiracy and course of conduct, each of the Defendants participated directly or indirectly in the preparation and/or issuance of the quarterly and annual reports, SEC filings, press releases and other statements and documents described above, including statements made to securities analysts and the media that were designed to influence the market for Tesaro securities.  Such reports, filings, releases and statements were materially false and misleading in that they failed to disclose material adverse information and misrepresented the truth about Tesaro's finances and business prospects.

48.     By virtue of their positions at Tesaro , Defendants had actual knowledge of the materially false and misleading statements and material omissions alleged herein and intended thereby to deceive Plaintiff and the other members of the Class, or, in the alternative, Defendants acted with reckless disregard for the truth in that they failed or refused to ascertain and disclose such facts as would reveal the materially false and misleading nature of the statements made, although such facts were readily available to Defendants.  Said acts and omissions of Defendants were committed willfully or with reckless disregard for the truth.  In addition, each Defendant knew or recklessly disregarded that material facts were being misrepresented or omitted as described above.

49.     Information showing that Defendants acted knowingly or with reckless disregard for the truth is peculiarly within Defendants' knowledge and control.  As the senior managers and/or directors of Tesaro, the Individual Defendants had knowledge of the details of Tesaro's internal affairs.

50.     The Individual Defendants are liable both directly and indirectly for the wrongs complained of herein.   Because of their positions of control and authority, the Individual Defendants were able to and did, directly or indirectly, control the content of the statements of Tesaro.  As officers and/or directors of a publicly-held company, the Individual Defendants had a duty to disseminate timely, accurate, and truthful information with respect to Tesaro's businesses, operations, future financial condition and future prospects.   As a result of the dissemination of the aforementioned false and misleading reports, releases and public statements, the market price of Tesaro securities was artificially inflated throughout the Class Period.   In ignorance of the adverse facts concerning Tesaro's business and financial condition which were concealed by Defendants, Plaintiff and the other members of the Class purchased or otherwise acquired Tesaro securities at artificially inflated prices and relied upon the price of the securities, the integrity of the market for the securities and/or upon statements disseminated by Defendants, and were damaged thereby.

51.     During the Class Period, Tesaro securities were traded on an active and efficient market.   Plaintiff and the other members of the Class, relying on the materially false and misleading statements described herein, which the Defendants made, issued or caused to be disseminated, or relying upon the integrity of the market, purchased or otherwise acquired shares of Tesaro securities at prices artificially inflated by Defendants' wrongful conduct.  Had Plaintiff and the other members of the Class known the truth, they would not have purchased or otherwise acquired said securities, or would not have purchased or otherwise acquired them at the inflated prices that were paid.  At the time of the purchases and/or acquisitions by Plaintiff and the Class, the true value of Tesaro securities was substantially lower than the prices paid by Plaintiff and

the other members of the Class.  The market price of Tesaro securities declined sharply upon public disclosure of the facts alleged herein to the injury of Plaintiff and Class members.

52.    By reason of the conduct alleged herein, Defendants knowingly or recklessly, directly or indirectly, have violated Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder.

53.    As a direct and proximate result of Defendants' wrongful conduct, Plaintiff and the other members of the Class suffered damages in connection with their respective purchases, acquisitions and sales of the Company's securities during the Class Period, upon the disclosure that the Company had been disseminating misrepresented financial statements to the investing public.

## COUNT II

**(Violations of Section 20(a) of the Exchange Act Against The Individual Defendants)**

54.    Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

55.    During the Class Period, the Individual Defendants participated in the operation and management of Tesaro, and conducted and participated, directly and indirectly, in the conduct of Tesaro's business affairs.  Because of their senior positions, they knew the adverse non-public information about Tesaro's misstatement of income and expenses and false financial statements.

56.    As officers and/or directors of a publicly owned company, the Individual Defendants had a duty to disseminate accurate and truthful information with respect to Tesaro's financial condition and results of operations, and to correct promptly any public statements issued by Tesaro which had become materially false or misleading.

57.     Because of their positions of control and authority as senior officers, the Individual Defendants were able to, and did, control the contents of the various reports, press releases and public filings which Tesaro disseminated in the marketplace during the Class Period concerning Tesaro's results of operations.   Throughout the Class Period, the Individual Defendants exercised their power and authority to cause Tesaro to engage in the wrongful acts complained of herein. The Individual Defendants therefore, were "controlling persons" of Tesaro within the meaning of Section 20(a) of the Exchange Act.  In this capacity, they participated in the unlawful conduct alleged which artificially inflated the market price of Tesaro securities.

58.     Each of the Individual Defendants, therefore, acted as a controlling person of Tesaro.  By reason of their senior management positions and/or being directors of Tesaro, each of the Individual Defendants had the power to direct the actions of, and exercised the same to cause, Tesaro to engage in the unlawful acts and conduct complained of herein.  Each of the Individual Defendants exercised control over the general operations of Tesaro and possessed the power to control the specific activities which comprise the primary violations about which Plaintiff and the other members of the Class complain.

59.     By reason of the above conduct, the Individual Defendants are liable pursuant to Section 20(a) of the Exchange Act for the violations committed by Tesaro.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

A.      Determining that the instant action may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, and certifying Plaintiff as the Class representative;

B.      Requiring Defendants to pay damages sustained by Plaintiff and the Class by reason of the acts and transactions alleged herein;

C.      Awarding Plaintiff and the other members of the Class prejudgment and post-judgment interest, as well as their reasonable attorneys' fees, expert fees and other costs; and

D.      Awarding such other and further relief as this Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury.

Dated:  November 9, 2018

Respectfully submitted,

By:   _/s/ Daryl Andrews_

**ANDREWS DEVALERIO LLP**

Glen DeValerio (BBO# 122010)
Daryl Andrews (BBO# 658523)
265 Franklin Street, Suite 1702
Boston, MA 02110
617-936-2796
glen@andrewsdevalerio.com
daryl@andrewsdevalerio.com

**POMERANTZ LLP**
Jeremy A. Lieberman
J. Alexander Hood II
Jonathan Lindenfeld
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone:  (212) 661-1100
Facsimile:  (212) 661-8665
Email:  jalieberman@pomlaw.com
         ahood@pomlaw.com
         jlindenfeld@pomlaw.com

**POMERANTZ LLP**
Patrick V. Dahlstrom
10 South La Salle Street, Suite 3505
Chicago, Illinois 60603
Telephone:  (312) 377-1181
Facsimile:  (312) 377-1184
Email:  pdahlstrom@pomlaw.com

*Attorneys for Plaintiff*