UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |   |
|---|---|---|
| LSI DESIGN AND INTEGRATION CORP., Individually and On Behalf of All Others Similarly Situated, | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil No. 18-12352-LTS |
| TESARO, INC., LEON O. MOULDER, JR., and TIMOTHY R. PEARSON | ) ) ) ) | |
| Defendants. | ) ) ) | |

ORDER ON MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT (DOC. NO. 38)

March 3, 2020

SOROKIN, J.

On November 9, 2018, Plaintiff LSI Design and Integration Corp. ("LSI") filed this federal securities action. Doc. No. 1. On April 1, 2019, LSI filed an Amended Complaint, alleging that Tesaro and two of its officers made materially false statements that misled investors in violation of Section 10(b) of the Securities Exchange Act ("the Exchange Act"), 15 U.S.C. § 78j(b), and Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder, 17 CFR § 240, 10b-5, as well as Section 20(a) of the Exchange Act, 15 U.S.C. § 78t. Doc. No. 22. On November 13, 2019, this Court allowed Tesaro's motion to dismiss both counts of the Amended Complaint, concluding that "none of the statements highlighted in LSI's Amended Complaint are false or misleading" and that LSI's Amended Complaint "offer[ed] no facts that present a 'strong inference' that Tesaro or its officers acted with a fraudulent intent." Doc. No.

34 at 11–12. Now, LSI seeks a third bite at the apple, moving for leave to file a Second Amended Complaint. Doc. No. 38.

Under Federal Rules of Civil Procedure 15(a)(2), "a party may amend its pleading" with "the court's leave," which "should [be] freely give[n] . . . when justice so requires." Kader v. Sarepta Therapeutics, Inc., 887 F.3d 48, 60 (1st Cir. 2018) (quoting Fed. R. Civ. P. 15(a)(2)). While courts characterize Rule 15 as a relatively "relief-friendly standard," Fisher v. Kadant, Inc., 589 F.3d 505, 512 (1st Cir. 2009), there are several appropriate grounds for denying such relief, including: "undue delay, bad faith or dilatory motive . . . repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . [and] futility of amendment." ACA Fin. Guar. Corp. v. Advest, Inc., 512 F.3d 46, 56 (1st Cir. 2008) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)). In fact, "[w]hile the rule reflects a liberal amendment policy . . . the district court enjoys significant latitude in deciding whether to grant leave to amend." Kader, 887 F.3d at 60–61.[1]

Here, LSI's proposed amendments are futile because they do not cure the deficiencies already recognized by this Court in its previous Order. For example, LSI seeks to amend its Complaint to include additional public statements from Tesaro's Form 10-Q for the quarter that ended on June 30, 2016, in which the company stated:

> Our balance of cash and cash equivalents as of June 30, 2016, plus approximately $409.0 million in net proceeds from our follow-on common stock offering which closed in July 2016, and the cash we expect to generate from sales of VARUBI, are expected to be sufficient to meet our existing cash flow requirements and fund our existing operations at their currently planned levels through at least the 12 months following the filing of this Quarterly Report on Form 10-Q.

---

[1] Because LSI filed the motion for leave within 150 days of the Court's prior Order on Tesaro's motion to dismiss, see Doc. No. 34 (dated November 13, 2019), and no judgment entered during that time, Rule 15 governs. See Fed. R. Civ. P. 58.

2

Doc. No. 38-1 ¶ 28. As Tesaro notes, this statement is "virtually identical" to the statement from Tesaro's later Form 10-Q—a statement which this Court already rejected as a basis for plausibly alleging that the company made false and misleading statements. Doc. No. 34 at 7. The reasoning of the Court's previous Order, which concluded that "the [virtually identical] statement makes no representations about whether Tesaro will conduct additional stock offerings over the next twelve months," id., applies with equal force to LSI's proposed amendment, thus rendering this proposed amendment futile.[2]

Additionally, LSI's proposed amendments include statements from an SEC Form 424B5 Prospectus dated November 14, 2016 (and publicly available at the time LSI filed its Amended Complaint). Doc. No. 38-1 ¶ 52. The Form 424B5 includes the following statement:

> Although it is difficult to predict future liquidity requirements, we believe that the net proceeds from this offering and our existing cash and cash equivalents will be sufficient to fund our operations for at least the next 12 months.

Id. Once again, this proposed amendment is futile. First, the Form 424B5 does not, in fact, help LSI plausibly allege that Tesaro or its agents made false and misleading statements. This is so because LSI's attempts to use this statement assumes a theory already rejected by the Court: that Tesaro's sole motivation for conducting a second public offering was because it lacked sufficient funds to continue its operations. Cf. Doc. No. 34 at 8-9 (noting that "there is no suggestion at all [in the record before the Court] that Tesaro's existing cash and cash equivalents, plus its Varubi sales, would be

---

[2] The Court also notes that Tesaro's Form 10-Q for the quarter that ended in June 30, 2016 has been publicly available since August 5, 2016. Doc. No. 38-1 ¶ 4. LSI provides no explanation for why it failed to include this statement in the previous two iterations of its Complaint. Thus, the failure to advance this statement earlier reflects a lack of diligence, which counsels toward denial of the present motion as to this statement.

insufficient to fund the company's operations"). In any event, this proposed amendment is futile for a second independent and sufficient reason: the statement does not, as is required by the PSLRA's rigorous pleading standards, raise a "strong inference" of scienter, even read in light of the totality of circumstances alleged in LSI's proposed Second Amended Complaint. See Corban v. Sarepta Therapeutics, Inc., 868 F.3d 31, 37 (1st Cir. 2017).

Finally, LSI's proposed amendments include new allegations attributed to a Confidential Witness who claims that "the only individuals involved in the decision to conduct the November 2016 Offering, including any discussions that led up to the November 2016 Offering, were the most senior-level executives of the Company." Doc. No. 38 ¶ 10. This amendment is similarly futile. At best, this claim is sufficient to plausibly allege that the individual Defendants were involved in the decision to conduct a second public offering. Such knowledge of and participation in the decision-making process is not "indicative of a high degree of recklessness," Doc. No. 34 at 12, and thus fails to aid LSI's attempts to overcome the PSLRA's heightened pleading standards.

Accordingly, LSI's motion for leave to file a Second Amended Complaint is DENIED and the case is DISMISSED WITH PREJUDICE. The clerk shall enter a judgment of dismissal.

SO ORDERED.

 /s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge